(118 So. 249)
## KNIGHT v. STATE. (5 Div. 696.)

Court of Appeals of Alabama. May 8, 1928.

Rehearing Denied June 12, 1928.

Pruet & Glass, of Ashland, for appellant.

Charlie C. McCall, Atty. Gen., for the State.
Brief did not reach the Reporter.

BRICKEN, P. J. The jury returned a general verdict finding the defendant guilty under an indictment which charged, in proper form and substance, the offenses of unlawfully having a still in possession and distilling prohibited liquors.

The conflicting evidence made a jury question. No special charges were requested, nor was the question of the sufficiency of the evidence to convict otherwise raised so far as this record discloses.

But one point of decision is presented. The defendant reserved an exception to the court's ruling in allowing the state, on rebuttal, to show by its witness Boles that three or four days before the still was "raided" he saw this defendant, together with Oscar Knight (another defendant charged with this same offense), passing through a field where he was working, going in the direction of the still. We will not predicate reversible error on this .ruling. The exception is . without merit; even if the evidence appeared inadmissible, as insisted, we do not regard it as being of sufficient import to divert the minds of the jury adversely to appellant. The indictment, as stated, in addition to charging the offense of distilling, etc., also charged the unlawful possession of a still, and that character of offense is continuous in its nature; therefore the fact, if it be a fact, that the accused was seen going across a field in the direction where the still was located was relevant as a circumstance to be considered by the jury. Moreover, the defendant denied all knowledge of the still and stated specifically, "that he never went through the field in his life to the still."

The record proper is without error. Judgment of conviction, from which this appeal was taken, will stand affirmed.

Affirmed.